IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Thankgod Ekufu, et al.,                )
                                       )
        Plaintiffs,                    )
                                       )
                                       )
     v.                                ) Case 12 CV 6669
                                       )
                                       ) Hon. Elaine Bucklo
Iberia Airlines v. Milton Uribe,       )
                                       )
        Defendants.                    )
                                       )

MEMORANDUM OPINION AND ORDER

Plaintiff Gladys Agbasi filed an action against Defendants Iberia Airlines ("Iberia") and Milton Uribe, Iberia's station manager at O'Hare International Airport ("O'Hare"), seeking damages for items that turned up missing from a bag she checked for a flight on Iberia from Lagos, Nigeria to Chicago, Illinois. Defendants filed a motion for summary judgment, and on January 9, 2014, I denied that motion as to Defendants' liability, but I granted it in part by limiting their liability pursuant to Article 22 of the Convention for the Unification of Certain Rules for International Carriage by Air (commonly known as "the Montreal Convention"), which governs this case.[1] Consistent with

---

[1] The Montreal Convention is a treaty that concerns international air travel, which was adopted in 1999 and enacted as law in the United States in 2003 for the purpose of "unif[ying] and replac[ing] the system of liability that derives from the Warsaw Convention," which previously governed the rights and liabilities associated with international air travel. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776,780-81 (7th Cir. 2008).

my opinion, Defendants now seek entry of a judgment in favor of Plaintiff Agbasi in the amount of $1,729.00. For the reasons that follow, I grant Defendants' motion in the amount of $1,730.43.

I.

Article 22(2) of the Montreal Convention states that

> [i]n the carriage of baggage, the liability of the carrier in the case of destruction, loss, damage or delay is limited to 1 000 Special Drawing Rights[2] for each passenger unless the passenger has made, at the time when the checked baggage was handed over to the carrier, a special declaration of interest in delivery at destination and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless it proves that the sum is greater than the passenger's actual interest in delivery at destination.

Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, *reprinted in* S. TREATY DOC. No. 106-45, 1999 WL 33292734 (2000) (hereinafter "Montreal Convention"). Pursuant to Article 24 of the Montreal Convention, the 1,000 SDR limit was raised to 1,131 effective December 30, 2009. *See* Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 30, 2009, 74 Fed. Register 59017 (Nov. 16, 2009)); *Souza v. American Airlines, Inc.*, No. 10 Civ. 5938, 2011 WL 2749086, at *3

---

[2] A Special Drawing Right ("SDR") "is an artificial currency, the exchange rate for which is published daily by the International Monetary Fund. The value of an SDR fluctuates based on the global currency market, and, under the Montreal [Convention], Art. 23, is determined 'at the date of judgment.'" *Shah v. Kuwait Airways Corp.*, No. 08 Civ. 7371, 2012 WL 1631624, at *1 n.6 (S.D.N.Y. 2012) (internal citations omitted).

2

(S.D.N.Y. Jul. 7, 2011) ("Pursuant to Article 24 of the Montreal Convention, every five years an 'inflation factor' is applied to revise the various limits of liability established under the Convention …" and "[t]he current limits, effective as of December 30, 2009, increased the limit of liability for lost baggage from 1,000 to 1,131."). Defendants argue that because Art. 22(2) applies, Ms. Agbasi's damages are limited to 1,131 SDRs.

Plaintiff Agbasi revives the unsuccessful argument from her summary judgment motion that this case is governed by Article 22(5), which provides that the limitations on liability in Article 22(2)

> shall not apply if it is proved that the damage resulted from any act or omission of the carrier, its servants or agents, done with the intent to cause damage or recklessly and with the knowledge that damage would probably result; provided that, in the case of such an act or omission of a servant or agent, it is also proved that such servant or agent was acting *within the scope of its employment.*

Montreal Convention, Art. 22(5) (emphasis added). However, she again fails to provide the requisite proof that Iberia employees who stole items from her baggage did so in the scope of their employment. She has not and cannot prove that the removal of her items was an action taken with the purpose of serving Iberia. *See Rodman v. CSX Intermodal, Inc.,* 405 Ill.App.3d 332, 335, 938 N.E.2d 1136, 1139 (Ill.App.Ct. 2010) (employee conduct is within the scope of his employment only if "it is actuated, at least in part, by a purpose to serve the master") (quoting Restatement

3

(Second) of Agency § 118 (1958)). Plaintiff Agbasi has failed to provide any other legal basis for the application of Article 22(5) to this case. Therefore, the damages are limited to the value of 1,131 SDRs.

Finally, Article 23 of the Montreal Convention provides that the conversion from SDRs to United States dollars shall be "based on valuation on the date of judgment," and shall be computed according to the International Monetary Fund ("IMF") "method of valuation when calculating tables in their national currency." Montreal Convention, Art. 23. For the date of judgment, January 9, 2014, the IMF valuation for an SDR was $1.53, entitling Plaintiff Agbasi to $1,730.43.

II.

For the foregoing reasons, Defendants' motion is granted and a judgment of $1,730.43 is entered in favor of Plaintiff Agbasi.

**ENTER ORDER:**

**Dated**: March 13, 2014

**Elaine E. Bucklo**
United States District Judge